LAWRENCE VANDYKE
Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

Additional counsel listed on signature page

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Save the Scenic Santa Ritas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Army Corps of Engineers, *et al.*, <br><br> Federal Defendants, <br><br> and <br><br> Rosemont Copper Co., <br><br> Defendant-Intervenor. | No. 4:19-cv-00177-TUC-JAS (Lead) <br> No. 4:19-cv-00205-TUC-JAS (C) <br><br> **FEDERAL DEFENDANTS' ANSWER TO SSSR'S AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 8(b), Federal Defendants United States, the U.S. Army Corps of Engineers ("Corps") and D. Peter Hemlinger in his official capacity as Brigadier General, by and through undersigned counsel, hereby submit their Answer to the allegations contained in the Save the Scenic Santa Ritas, et al. ("Plaintiffs" or "SSSR")'s June 4, 2019 "Amended Complaint for Vacatur, Equitable, Declaratory and Injunctive Relief," ECF No. 52-2 (hereinafter "Complaint"). The numbered paragraphs of this Answer correspond to the numbered paragraphs in Plaintiffs' Amended Complaint.

The headings and subheadings within the Complaint do not contain allegations that require a response. To the extent a response is required, the allegations contained in the headings and subheadings are denied.

1.      The allegations in the first sentence of this paragraph consist of Plaintiffs' characterization of their case, to which no response is required.  Federal Defendants admit the allegations in the second sentence.

2.      The allegations in this paragraph purport to characterize the Corps' Clean Water Act ("CWA") Section 404 permit to Rosemont Copper Company ("Rosemont"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the CWA Section 404 permit.

3.      The allegations in this paragraph purport to characterize the Corps' CWA Section 404 permit for the challenged project, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the CWA Section 404 permit.

4.      The Federal Defendants deny the allegations in this paragraph because the term "stunning beauty" is vague and ambiguous and therefore Federal Defendants lack sufficient information to form a belief about the allegations.

5.      The allegations in this paragraph consist of Plaintiffs' characterization of their case, to which no response is required.

6.      Federal Defendants admit that portions of the Mine will be located on federal public lands owned by the United States, state public lands in Arizona, and private lands owned by Rosemont.  The remaining allegations in the first sentence of this paragraph purport to characterize the United States Forest Service's Final Environmental Impact Statement ("FEIS") and their Record of Decision ("ROD"), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the FEIS or ROD.  The allegations in the second sentence of this paragraph purport to characterize the FEIS and CWA Section 404 permit, which speak

for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the FEIS or CWA Section 404 permit.

7. Federal Defendants admit the allegations in this paragraph.

8. Federal Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second and third sentences of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

9. The allegations in the second and third sentences of this paragraph purport to characterize the Mine Plan of Operations ("MPO"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the MPO.

10. The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

11. The allegations in this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD.

12. The allegations in the first sentence of this paragraph purport to characterize the ROD and CWA Section 404 permit, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the ROD or CWA Section 404 permit. The allegations in the second and third sentences of this paragraph purport to characterize the CWA Section 404 permit, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the CWA Section 404 permit.

13. Federal Defendants deny that the figure from the CWA Section 404 permit depicts the discharge locations. Federal Defendants aver that the figure depicts the project setting of the Rosemont Copper Project in relation to the 404 Mitigation Parcel.

14.    Federal Defendants admit the allegations in the first sentence of the paragraph Federal Defendants aver that Figure 2 from the ROD depicts ephemeral drainages and non-drainage (springs) within the Project footprint and the permanent and temporary acres of loss associated with the discharge of fill material.

15.    The allegations in this paragraph purport to characterize the FEIS and CWA Section 404(b)(1) Alternatives Analysis, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the FEIS or CWA Section 404(b)(1) Alternatives Analysis.

16.    The allegations in this paragraph purport to characterize the USFS ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the USFS ROD.

17.    The allegations in the first sentence of this paragraph purport to characterize the USFS ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the USFS ROD.  The allegations in the second sentence of this paragraph consist of legal conclusions, to which no response is required.

18.    Federal Defendants aver that on December 6, 2011, the Corps issued a public notice announcing the availability of the USFS Draft EIS, the receipt of an application for a CWA Section CWA Section 404 permit, and requesting comments from interested parties.  The remaining allegations in this paragraph purport to characterize the Public Notice for Rosemont's Application for Permit ("Public Notice"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.

19.    The allegations in this paragraph purport to characterize the Public Notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.

20.    The allegations in this paragraph purport to characterize the Public Notice, which

speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Public Notice.

21.     The allegations in the first and second sentences of this paragraph purport to characterize unspecified documents authored by Rosemont, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents. The allegations in the third and fourth sentences of this paragraph purport to characterize the Final Habitat Mitigation and Monitoring Plan ("HMMP"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the HMMP.

22.     Federal Defendants deny that the CWA Section 404 permit reversed a prior final agency action. The remaining allegations in this paragraph purport to characterize the ROD and CWA Section 404 permit, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the ROD or CWA Section 404 permit.

23.     Federal Defendants deny the allegations in this paragraph. Federal Defendants aver that waste rock is native to the site, and that the scope of the 404(b)(1) Guidelines extends only to those direct, secondary, and cumulative effects associated with the discharge of fill material into waters of the United States. Federal Defendants deny any violation of law.

24.     The allegations in this paragraph consist of legal conclusions to which no response is required. The allegations in this paragraph also purport to characterize the Public Notice, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Public Notice.

25.     The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD.

26.     Federal Defendants deny the allegations in this paragraph and deny any violation

1   of law.

2   27.    The allegations in this paragraph consist of legal conclusions to which no response

3   is required.  To the extent a response is required Federal Defendants deny the allegations

4   in this paragraph and deny any violation of law.

5   28.    Federal Defendants deny the allegations in this paragraph and deny any violation

6   of law. Federal Defendants that the scope of the 404(b)(1) Guidelines extends only to

7   those direct, secondary, and cumulative effects associated with the discharge of fill

8   material into waters of the United States

9   29.    Federal Defendants deny the allegations in this paragraph and deny any violation

10  of law. Federal Defendants that the scope of the 404(b)(1) Guidelines extends only to

11  those direct, secondary, and cumulative effects associated with the discharge of fill

12  material into waters of the United States.

13  30.    Federal Defendants aver that the Corps Los Angeles District referred the permit

14  application to the South Pacific Division for resolution as it was required to do under 33

15  C.F.R. § 325.8(b)(2).  Federal Defendants deny the remaining allegations in this first

16  sentence of this paragraph.  The remaining allegations in this paragraph purport to

17  characterize a December 28, 2016 letter to Rosemont/Hudbay ("December 28, 2016

18  Letter"), which speaks for itself and is the best evidence of its contents.  Federal

19  Defendants deny any allegation inconsistent with the December 28, 2016 Letter.

20  31.    The allegations in this paragraph purport to characterize unspecified documents,

21  which speak for themselves and are the best evidence of their contents.  Federal

22  Defendants deny any allegation inconsistent with the unspecified documents.

23  32.    Federal Defendants admit that General Helminger signed the CWA Section 404

24  Permit in 2019. The remaining allegations in this paragraph purport to characterize an

25  unspecified document, which speaks for itself and is the best evidence of their contents.

26  Federal Defendants deny any allegation inconsistent with the unspecified document.

27  33.    Federal Defendants deny the allegations in this paragraph because the phrase

28

"materially changed" is vague and ambiguous and therefore Federal Defendants lack sufficient information to form a belief as to the allegations. Further, the allegations in this paragraph characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the unspecified documents.

34.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

35.     The allegations in the first two sentences of this paragraph purport to characterize the Public Notice and CWA Section 404 permit, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the Public Notice or CWA Section 404 permit.  The allegations in the second and third sentence of this paragraph consist of legal conclusions, to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations and deny any violation of law.

36.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

37.     The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent that a response is required, Federal Defendants deny any violations of law but admit that venue is proper in this District.

38.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

39.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

40.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

41.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

42.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

43.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

44.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

45.     Federal Defendants deny the allegations in the first sentence of Paragraph 45 and deny any violation of law. Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiffs' alleged harm in the second sentence of this paragraph and therefore deny them. Federal Defendants deny the remaining allegations in the second sentence of this paragraph and deny any violations of law.

46.     The allegations in this paragraph purport to characterize unidentified comments submitted to the Corps and other federal and state agencies, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the unidentified comments.

47.     Federal Defendants admit that the allegations in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph consist of legal conclusions, to which no response is required.

48.     Federal Defendants admit the allegations in the first and second sentences of this paragraph.  The allegations in the third sentence of this paragraph consist of legal conclusions and Plaintiffs' characterizations of their case, to which no response is required.

49.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

## "STATUTORY AND REGULATORY BACKGROUND"

### "The Clean Water Act"

50.     The allegations in this paragraph purport to characterize the CWA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the CWA.

51.     The allegations in this paragraph purport to characterize the CWA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the CWA.

52.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

53.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

54.      The allegations in this paragraph consist of legal conclusions, to which no response is required.

55.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

56.     The allegations in this paragraph purport to characterize the CWA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the CWA.

57.     The allegations in this paragraph purport to characterize the CWA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the CWA.

58.     The allegations in the first two sentences of this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the

CWA and its implementing regulations.  The third sentence in this paragraph consists of legal conclusions, to which no response is required.

59.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

60.     The allegations in this paragraph purport to characterize the Public Notice and CWA Section 404 permit, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the Public Notice or CWA Section 404 permit, and deny any violation of law.

61.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the plain language, meaning, and context of the CWA and its implementing regulations.

62.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

63.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA or its implementing regulations.

64.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA or its implementing regulations.

65.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA or its

1    implementing regulations.

2    66.    The allegations in this paragraph purport to characterize the CWA and its

3    implementing regulations, which speak for themselves and are the best evidence of their

4    contents.  Federal Defendants deny any allegation inconsistent with the CWA or its

5    implementing regulations.

6    67.    The allegations in this paragraph purport to characterize the CWA and its

7    implementing regulations, which speak for themselves and are the best evidence of their

8    contents.  Federal Defendants deny any allegation inconsistent with the CWA or its

9    implementing regulations.

10   68.    The allegations in this paragraph purport to characterize the CWA and its

11   implementing regulations, which speak for themselves and are the best evidence of their

12   contents.  Federal Defendants deny any allegation inconsistent with the CWA or its

13   implementing regulations.

14   69.    The allegations in this paragraph purport to characterize the CWA and its

15   implementing regulations, which speak for themselves and are the best evidence of their

16   contents.  Federal Defendants deny any allegation inconsistent with the CWA or its

17   implementing regulations.

18   70.    The allegations in this paragraph purport to characterize the CWA and its

19   implementing regulations, which speak for themselves and are the best evidence of their

20   contents.  Federal Defendants deny any allegation inconsistent with the CWA or its

21   implementing regulations.

22   71.    The allegations in this paragraph purport to characterize the CWA and its

23   implementing regulations, which speak for themselves and are the best evidence of their

24   contents.  Federal Defendants deny any allegation inconsistent with the CWA or its

25   implementing regulations.

26   72.    The allegations in this paragraph purport to characterize the CWA and its

27   implementing regulations, which speak for themselves and are the best evidence of their

28

contents.  Federal Defendants deny any allegation inconsistent with the CWA or its implementing regulations.

73.     The allegations in the first two sentences of this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA or its implementing regulations.  The remaining allegations consist of legal conclusions, to which no response is required.

74.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA or its implementing regulations.

75.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA or its implementing regulations.

76.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA or its implementing regulations.

77.     The allegations in the first sentence of this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA or its implementing regulations.  The remaining allegations consist of legal conclusions, to which no response is required.

78.     The allegations in the first sentence of this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the

CWA or its implementing regulations. The allegations in the second sentence of this paragraph consist of legal conclusions, to which no response is required.

79.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA or its implementing regulations.

80.     The allegations in this paragraph purport to characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Federal Register notice.

81.     The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD.

82.     The allegations in this paragraph purport to characterize a November 7, 2013 letter ("November 7, 2013 Letter") from U.S. Environmental Protection Agency ("EPA") Regional IX Director of the Water Division, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the November 7, 2013 Letter.

83.     The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD.

84.     Federal Defendants deny the allegations in the first sentence of the paragraph because the mining facilities encompass a far greater area than the waters of the United States. The allegations in the second sentence of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the ROD.

85.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their

contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

86.     The allegations in first sentence of this paragraph consist of legal conclusions, to which to response is required.  To the extent that a response is required, Federal Defendants deny the allegations.  The remaining allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

87.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

88.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

89.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

90.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

91.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its

implementing regulations.

92.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

93.     The allegations in this paragraph purport to characterize Regulatory Guidance Letter No. 05-1, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Regulatory Guidance Letter No. 05-1.

94.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

95.     The allegations in this paragraph consist of legal conclusions, to which to response is required.  To the extent that a response is required, Federal Defendants deny any violation of law.

96.     The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the ROD.

97.     The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the ROD.

98.     The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the ROD.

99.     The allegations in this paragraph purport to characterize the HMMP, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

1   inconsistent with the HMMP.

2   100.    The allegations in this paragraph purport to characterize the ROD and unspecified

3   regulations, which speaks for themselves and are the best evidence of their contents.

4   Federal Defendants deny any allegation inconsistent with the ROD and the unspecified

5   regulations.

6   101.    The allegations in this paragraph purport to characterize the National

7   Environmental Policy Act ("NEPA") and its implementing regulations, which speak for

8   themselves and are the best evidence of their contents.  Federal Defendants deny any

9   allegation inconsistent with NEPA or its implementing regulations.

10   102.    The allegations in this paragraph purport to characterize NEPA and its

11   implementing regulations, which speak for themselves and are the best evidence of their

12   contents.  Federal Defendants deny any allegation inconsistent with NEPA or its

13   implementing regulations.

14   103.    The allegations in this paragraph purport to characterize NEPA and its

15   implementing regulations, which speak for themselves and are the best evidence of their

16   contents.  Federal Defendants deny any allegation inconsistent with NEPA or its

17   implementing regulations.

18   104.    The allegations in this paragraph purport to characterize NEPA and its

19   implementing regulations, which speak for themselves and are the best evidence of their

20   contents.  Federal Defendants deny any allegation inconsistent with NEPA or its

21   implementing regulations.

22   105.    The allegations in this paragraph purport to characterize a court decision, which

23   speaks for itself and is the best evidence of its contents.  Federal Defendants deny any

24   allegation inconsistent with the decision.

25   106.    The allegations in this paragraph purport to characterize NEPA and its

26   implementing regulations, which speak for themselves and are the best evidence of their

27   contents.  Federal Defendants deny any allegation inconsistent with NEPA or its

28

implementing regulations.

107.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with NEPA or its implementing regulations.

108.    The allegations in this paragraph purport to characterize NEPA regulations and the CEQ "Forty Most Asked Questions Concerning CEQ's NEPA Regulations" ("Forty Questions"), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the NEPA regulations, or CEQ's Forty Questions guidance.

109.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with NEPA or its implementing regulations.

110.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with NEPA or its implementing regulations.

111.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the NEPA or its implementing regulations.

112.    Federal Defendants admit the allegations in this paragraph.

113.    The allegations of this paragraph purport to characterize the Corps' 2019 Environmental Assessment ("2019 EA"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the 2019 EA.

114.    The allegations of this paragraph purport to characterize court decisions, which

speak for themselves and are the best evidence of the contents.  Federal Defendants deny any allegation inconsistent with the decisions.

115.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with NEPA or its implementing regulations.

116.    The allegations of this paragraph purport to characterize court decisions, which speak for themselves and are the best evidence of the contents.  Federal Defendants deny any allegation inconsistent with the decisions.

117.    The first clause of the sentence in this paragraph purports to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the ROD.  The second clause of the sentence in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

118.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the NEPA or its implementing regulations.

119.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with NEPA or its implementing regulations.

120.    Federal Defendants admit that the Corps did not issue a Supplemental Environmental Impact Statement. The remainder of allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

121.   With regard to the first sentence of this paragraph, Federal Defendants admit only that the Corps issued a Supplemental EA in 2019. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 121. Federal Defendants deny the allegations in the second sentence of Paragraph 121.

122.   Federal Defendants admit Rosemont has stated that it intends to construct an open-pit mine on the east side of the Santa Rita Mountains and a total of 5,431 acres of land would be disturbed within the mine-site and off-site infrastructure.  The allegations in the second sentence of this paragraph purport to characterize the FEIS and the CWA Section 404 permit, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA Section 404 permit and the FEIS.  The allegations in the third sentence of this paragraph purport to characterize the FEIS and a figure in the CWA Section 404(b)(1) Alternatives Analysis, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the FEIS or figure in the CWA Section 404(b)(1) Alternatives Analysis.

123.   Federal Defendants deny the allegations in the first sentence of this paragraph because the phrase "begin construction" is vague and ambiguous and therefore Federal Defendants lack sufficient information to form a belief about the allegations.  The allegations in the second sentence of this paragraph purport to characterize figures/maps inserted in Plaintiffs' Complaint, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the figures/maps.

124.   The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the ROD.

125.   The allegations in this paragraph purport to characterize the USFS's ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any

FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT                    19

1   allegation inconsistent with the USFS's ROD.

2   126.    The allegations in this paragraph purport to characterize the USFS's ROD, which

3   speaks for itself and is the best evidence of its contents.  Federal Defendants deny any

4   allegation inconsistent with the USFS's ROD.

5   127.    The allegations in this paragraph purport to characterize the USFS's ROD, which

6   speaks for itself and is the best evidence of its contents.  Federal Defendants deny any

7   allegation inconsistent with the USFS's ROD.

8   128.    The allegations in this paragraph purport to characterize the FEIS, which speaks

9   for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

10   inconsistent with the FEIS.

11   129.    The allegations in the first, second, third, and fourth sentences in this paragraph

12   purport to characterize the FEIS, which speaks for itself and is the best evidence of its

13   contents.  Federal Defendants deny any allegation inconsistent with the FEIS.  Federal

14   Defendants are without sufficient knowledge or information to form a belief as to the

15   truth of the allegations in the fifth sentence of this paragraph and therefore deny them.

16   130.    Federal Defendants are without sufficient knowledge or information to form a

17   belief as to the truth of the allegations in the first sentence of this paragraph and therefore

18   deny them.  The allegations in the second sentence of this paragraph purport to

19   characterize the FEIS, which speaks for itself and is the best evidence of its contents.

20   Federal Defendants deny any allegation inconsistent with the FEIS.

21   131.    The allegations in this paragraph purport to characterize the FEIS, which speaks

22   for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

23   inconsistent with the FEIS.

24   132.    The allegations in this paragraph purport to characterize the FEIS, which speaks

25   for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

26   inconsistent with the FEIS.

27   133.    The allegations in this paragraph purport to characterize the November 7, 2013

28

1   EPA Letter, which speaks for itself and is the best evidence of its contents.  Federal

2   Defendants deny any allegation inconsistent with the November 7, 2013 EPA Letter.

3   134.   The allegations in this paragraph purport to characterize the November 7, 2013

4   EPA Letter, which speaks for itself and is the best evidence of its contents.  Federal

5   Defendants deny any allegation inconsistent with the November 7, 2013 EPA Letter.

6   135.   The allegations in this paragraph purport to characterize the November 7, 2013

7   EPA Letter, which speaks for itself and is the best evidence of its contents.  Federal

8   Defendants deny any allegation inconsistent with the November 7, 2013 EPA Letter.

9   136.   The allegations in this paragraph purport to characterize the November 7, 2013

10  EPA Letter, which speaks for itself and is the best evidence of its contents.  Federal

11  Defendants deny any allegation inconsistent with the November 7, 2013 EPA Letter.

12  137.   The allegations in this paragraph purport to characterize the November 7, 2013

13  EPA Letter, which speaks for itself and is the best evidence of its contents.  Federal

14  Defendants deny any allegation inconsistent with the November 7, 2013 EPA Letter.

15  138.   The allegations in this paragraph purport to characterize Bureau of Land

16  Management ("BLM") comments to the U.S. Fish and Wildlife Service, which speak for

17  themselves and are the best evidence of their contents.  Federal Defendants deny any

18  allegation inconsistent with the BLM comments.

19  139.   Federal Defendants are without sufficient knowledge or information to form a

20  belief as to the truth of the allegations in the first sentence of this paragraph and therefore

21  deny them.  The allegations in remainder of this paragraph purport to characterize the

22  FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants

23  deny any allegation inconsistent with the FEIS.

24  140.   Federal Defendants are without sufficient knowledge or information to form a

25  belief as to the truth of the allegations in the first sentence this paragraph and therefore

26  deny them.  The second sentence of this paragraph purports to characterize the FEIS,

27  which speaks for itself and is the best evidence of its contents.  Federal Defendants deny

28

any allegation inconsistent with the FEIS.

141.    Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

142.    Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in first sentence of this paragraph and therefore deny them.    The second sentence of this paragraph purports to characterize the USFS's ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the USFS's ROD.

143.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

144.    The allegations in this paragraph purport to characterize the FEIS and other unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the FEIS and other unspecified documents.

145.    The allegations in this paragraph purport to characterize BLM comments to USFS ("August 1, 2011 Letter"), which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the August 1, 2011 Letter.

146.    The first sentence of this paragraph consists of legal conclusions, to which no response is required.  The second sentence of this paragraph purports to characterize the USFS's 2016 Biological Opinion ("2016 BiOp"), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation that is inconsistent with the 2016 BiOp.

147.    The allegations in this paragraph purport to characterize the 2016 BiOp, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any

allegation inconsistent with the 2016 BiOp.

148.     The allegations in the first sentence of this paragraph purport to characterize the 2016 BiOp, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the 2016 BiOp.  The allegations in the second sentence of this paragraph purport to characterize the FEIS and a figure in the CWA Section 404(b)(1) Alternatives Analysis, which speaks for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the FEIS or the figure in the CWA Section 404(b)(1) Alternatives Analysis.

149.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

150.     The allegations in this paragraph purport to characterize the HMMP, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the plain language of the HMMP.

151.     The allegations in the first sentence of this paragraph consist of legal conclusions to which no response is required.  The allegations in the second sentence in this paragraph purport to characterize the Arizona Administrative Code ("A.A.C."), which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the A.A.C.

152.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

153.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

154.     The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of their contents.  Federal Defendants deny any allegation

inconsistent with the FEIS.

155.   The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

156.   The allegations in this paragraph purport to characterize provisions of the Arizona water quality standards, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the standards.

157.   The allegations in this paragraph purport to characterize Arizona State regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the regulations.

158.   The allegations in this paragraph consist of legal conclusions, to which no response is required.

159.   The allegations in this paragraph purport to characterize a comment by the EPA to the Administrative Final EIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the comment.

160.   The allegations in this paragraph consist of legal conclusions, to which no response is required.

161.   The allegations in this paragraph purport to characterize the FEIS, USFS ROD, ROD, EA, and CWA Section 404 permit, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with these documents.

162.   The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

163.   The allegations in this paragraph consist of legal conclusions, to which no response is required.

164.   The allegations in the first sentence of this paragraph consist of legal conclusions,

to which no response is required.  The remaining allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

165.    The allegations in the first sentence of this paragraph consist of legal conclusions, to which no response is required.  The remaining allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

166.    Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph because the prediction is unattributed and therefore deny these allegations.

167.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

168.    The first clause of this paragraph purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.  The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

169.    The allegations in the first sentence of this paragraph consist of legal conclusions, to which no response is required.  The allegations in the second sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

170.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

171.    The allegations in the first sentence of this paragraph purport to characterize the

1    ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants

2    deny any allegation inconsistent with the ROD.  The remaining allegations in this

3    paragraph consist of legal conclusions, to which no response it required.

4    172.    The allegations in this paragraph purport to characterize the FEIS and 2019 EA,

5    which speak for themselves and are the best evidence of their contents.  Federal

6    Defendants deny any allegation inconsistent with the FEIS or 2019 EA.

7    173.    The allegations in the first two sentences of this paragraph purport to characterize

8    the HMMP and 2019 EA, which speak for themselves and are the best evidence of their

9    contents.  Federal Defendants deny any allegation inconsistent with the HMMP or 2019

10   EA.  The third sentence of this paragraph purports to characterize the Arizona

11   Department of Environmental Quality's Basis for State Certification Decision for the

12   Project, which speaks for itself and is the best evidence of its contents.  Federal

13   Defendants deny any allegation inconsistent with the state's certification decision.

14   174.    The allegations in this paragraph purport to characterize the FEIS, which speaks

15   for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

16   inconsistent with the FEIS.

17   175.    The allegations in this paragraph purport to characterize the ROD, which speaks

18   for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

19   inconsistent with the ROD.

20   176.    The allegations in this paragraph purport to characterize the CWA Section 404

21   permit, which speaks for itself and is the best evidence of its contents.  Federal

22   Defendants deny any allegation inconsistent with the CWA Section 404 permit.

23   177.    The allegations in the first sentence of this paragraph purport to characterize the

24   HMMP, which speaks for itself and is the best evidence of its contents.  Federal

25   Defendants deny any allegation inconsistent with the HMMP.  The allegations in the

26   second and third sentences of this paragraph purport to characterize the ROD, which

27   speaks for itself and is the best evidence of its contents.  Federal Defendants deny any

28

allegation inconsistent with the ROD.

178.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

179.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

180.    The allegations in this paragraph purport to characterize the FEIS and Corps ROD, Permit and EA which speaks for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the FEIS and Corps ROD, Permit and EA.

181.    The first sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent that a response of required, Federal Defendants deny the allegations and deny any violation of law.  The allegations in the second sentence of this paragraph purport to characterize Arizona Game and Fish Department ("AGFD") comments on the Preliminary Draft EIS, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the comments.

182.    The allegations in the first clause of the first sentence of this paragraph consist of legal conclusions, to which no response is required.  The remaining allegations in this paragraph purport to characterize AGFD comments to USFS and on the FEIS, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the comments.

183.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the ROD.

184.    Federal Defendants admit that the Corps issued the Public Notice for the CWA

Section 404 permit on December 6, 2011, with a comment period open until January 19, 2012.  Federal Defendants admit that the public comment period for the USFS Draft EIS ended on January 31, 2012.  Federal Defendants deny any remaining allegations in this paragraph not specifically admitted.

185.   Federal Defendants deny the allegations in this paragraph because the terms "severely" and "regularly" in the first sentence are vague and ambiguous and the agencies discussed in the second sentence are unspecified, and, therefore, Federal Defendants lack sufficient information to form a belief about the allegations.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

186.   The allegations in this paragraph purport to characterize the 2013 Letter from EPA, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the 2013 Letter.

187.   The allegations in this paragraph purport to characterize a letter sent by the Corps' Office of the Commander and District Engineer to Rosemont on May 13, 2014, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the letter.

188.   The allegations in this paragraph purport to characterize a letter from the Pima County and Pima County Regional Flood Control District to the Corps on December 30, 2013, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the letter.

189.   Federal Defendants admit that the Corps reviewed the CWA Section 404 permit application.  The allegations in the second clause of the sentence in this paragraph purport to characterize the CWA Section 404 permit application, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the CWA Section 404 permit application.

190.   Federal Defendants deny the allegations in this paragraph. The allegations in the

first and second sentence of the footnote to this paragraph purport to characterize the CWA and its implementing regulations which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.  Federal Defendants admit that Governor Ducey submitted a letter to the Corps on May 28, 2015 reaffirming the position of Arizona that the public's interest would be served by the proposed action.  Federal Defendants admit the allegations in the third sentence of the footnote to this paragraph.

191.    The allegations in this paragraph purport to characterize Freedom of Information Act requests sent to the Corps and the Corps' response to such requests, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with these communications.

192.    Federal Defendants admit that on December 28, 2016, the Corps sent a letter to the applicant providing a description of the draft conclusions identified by the Los Angeles District Commander prior to referring the proposed action for resolution to the South Pacific Division.  Federal Defendants deny any remaining allegations in this paragraph not specifically admitted.

193.    The allegations in this paragraph purport to characterize a letter from the Corps to Rosemont on December 28, 2016, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the letter.

194.    The allegations in this paragraph purport to characterize the contents of two letters from Pima County to the Corps, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the letters.

195.    Federal Defendants admit the allegations in this paragraph.

196.    Federal Defendants admit that the permit applicant revised and refined the proposed permittee-responsible compensatory mitigation plan and submitted it to the Corps on September 12, 2017.  Federal Defendants deny any remaining allegations in this paragraph not specifically admitted.

197.   The allegations in this paragraph purport to characterize the contents of an unidentified communication from the Corps to EPA on September 14, 2017, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the unidentified communication.

198.   The allegations in this paragraph purport to characterize a letter from EPA to the Corps on November 30, 2017 and attachments to that letter, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the letter or its attachments.

199.   The allegations in this paragraph purport to characterize the contents of an attachment to a letter from EPA to the Corps on November 30, 2017, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the attachment.

200.   The allegations in this paragraph purport to characterize the contents of an attachment to a letter from EPA to the Corps on November 30, 2017, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the attachment.

201.   The allegations in this paragraph purport to characterize the contents of an attachment to a letter from EPA to the Corps on November 30, 2017, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the attachment.

202.   The allegations in this paragraph purport to characterize the contents of an attachment to a letter from EPA to the Corps on November 30, 2017, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the attachment.

203.   The allegations in this paragraph purport to characterize the contents of an attachment to a letter from EPA to the Corps on November 30, 2017, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

1  inconsistent with the attachment.

2  204.   The allegations in this paragraph purport to characterize the contents of an

3  attachment to a letter from EPA to the Corps on November 30, 2017, which speaks for

4  itself and is the best evidence of its contents.  Federal Defendants deny any allegation

5  inconsistent with the attachment.

6  205.   The allegations in this paragraph purport to characterize the contents of an

7  attachment to a letter from EPA to the Corps on November 30, 2017, which speaks for

8  itself and is the best evidence of its contents.  Federal Defendants deny any allegation

9  inconsistent with the attachment.

10  206.   The allegations in this paragraph purport to characterize the contents of an

11  attachment to a letter from EPA to the Corps on November 30, 2017, which speaks for

12  itself and is the best evidence of its contents.  Federal Defendants deny any allegation

13  inconsistent with the attachment.

14  207.   The allegations in the first sentence of this paragraph purport to characterize the

15  HMMP, which speaks for itself and is the best evidence of its contents.  Federal

16  Defendants deny any allegation inconsistent with the HMMP.  The remaining allegations

17  in this paragraph purport to characterize the contents of an attachment to a letter from

18  EPA to the Corps on November 30, 2017, which speaks for itself and is the best evidence

19  of its contents.  Federal Defendants deny any allegation inconsistent with the attachment.

20  208.   Federal Defendants admit that the CWA Section 404 permit was issued on March

21  8, 2019.  The remaining allegations in this paragraph consist of legal conclusions, to

22  which no response is required.

23  209.   The allegations in this paragraph purport to characterize the ROD and EA, which

24  speak for themselves and are the best evidence of their contents.  Federal Defendants

25  deny any allegation inconsistent with the ROD or EA.

26  210.   The allegations in this paragraph consist of legal conclusions, to which no

27  response is required.  To the extent a response is required, Federal Defendants deny any

28

violations of law.

211.   The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the ROD.

212.   The allegations in this paragraph purport to characterize the December 6, 2011 Public Notice, FEIS, and HMPP, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the Public Notice, FEIS, or HMMP.

213.   The allegations in this paragraph purport to characterize the 2011 Draft EIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the 2011 Draft EIS.

214.   The allegations in this paragraph purport to characterize the Public Notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.

215.   The allegations in this paragraph purport to characterize the Public Notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.

216.   The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the ROD.

217.   The allegations in this paragraph purport to characterize the Public Notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.

218.   The allegations in this paragraph purport to characterize the CWA Section 404 permit, ROD, and EA, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with these documents.

219.   The allegations in this paragraph purport to characterize the ROD, which speaks

for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the ROD.

220.    The allegations in this paragraph consists of legal conclusions, to which no response is required.

221.    Federal Defendants deny the allegations in this paragraph.

222.    The allegations in this paragraph purport to characterize the December 2011 Public Notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.

223.    The allegations in this paragraph purport to characterize the December 2011 Public Notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.

224.    The allegations in this paragraph purport to characterize various letters sent to the Corps by Plaintiff, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with these letters.

225.    Federal Defendants deny the allegations and deny any violation of law.

226.    Federal Defendants deny that Plaintiffs and the general public had no opportunity to comment on the final HMMP. Federal Defendants deny any remaining allegations not specifically admitted and deny any violation of law.

227.    Federal Defendants admit that the 2019 EA was released on March 8, 2019. The remaining allegations characterize the 2019 EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the 2019 EA.

228.    The allegations in this paragraph purport to characterize the 2017 HMMP and the CWA Section 404 Permit, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the 2017 HMMP and the CWA Section 404 Permit.

229.    The allegations in this paragraph purport to characterize the final HMMP, Draft

EIS, Final EIS, and draft HMMP, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the final HMMP, Draft EIS, Final EIS, and draft HMMP.

230.    The allegations in this paragraph purport to characterize the Draft EIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Draft EIS.  Federal Defendants deny the allegation that Appendix E is the only document regarding mitigation that has been subject to public review under NEPA and the CWA.

231.    The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required Federal Defendants deny the allegations in this sentence and deny any violation of law. The allegations in this paragraph also purport to characterize a December 11, 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the referenced letter.

232.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

233.    The allegations in this paragraph purport to characterize the Public Notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.

234.    The allegations in this paragraph purport to characterize the Public Notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.

235.    The allegations in this paragraph purport to characterize the Public Notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.

236.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

1    inconsistent with the ROD.

2    237.    The allegations in this paragraph purport to characterize the ROD, which speaks

3    for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

4    inconsistent with the ROD.

5    238.    The allegations in this paragraph purport to characterize the ROD, which speaks

6    for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

7    inconsistent with the ROD.

8    239.    The allegations in this paragraph consist of legal conclusions, to which no

9    response is required. To the extent a response is required, Federal Defendants deny the

10   allegations in this paragraph and deny any violation of law.

11   240.    The allegations in this paragraph consist of legal conclusions, to which no

12   response is required.

13   241.     The allegations in this paragraph consist of legal conclusions, to which no

14   response is required.

15   242.    The allegations in this paragraph consist of legal conclusions, to which no

16   response is required.

17   243.     Federal Defendants incorporate all preceding paragraphs of this Answer herein by

18   reference.

19   244.    The allegations in this paragraph purport to characterize the CWA and its

20   implementing regulations, which speak for themselves and are the best evidence of their

21   contents.  Federal Defendants deny any allegation inconsistent with the CWA and its

22   implementing regulations.

23   245.    The allegations in this paragraph purport to characterize the CWA and its

24   implementing regulations, which speak for themselves and are the best evidence of their

25   contents.  Federal Defendants deny any allegation inconsistent with the CWA and its

26   implementing regulations.

27   246.    The allegations in this paragraph consist of legal conclusions, to which no

28

1  response is required.

2  247.    The allegations in this paragraph consist of legal conclusions, to which no

3  response is required.

4  248.     Federal Defendants incorporate all preceding paragraphs of this Answer herein by

5  reference.

6  249.    The allegations in this paragraph purport to characterize the CWA and its

7  implementing regulations, which speak for themselves and are the best evidence of their

8  contents.  Federal Defendants deny any allegation inconsistent with the CWA and its

9  implementing regulations.

10  250.    The allegations in this paragraph purport to characterize the CWA and its

11  implementing regulations, which speak for themselves and are the best evidence of their

12  contents.  Federal Defendants deny any allegation inconsistent with the CWA and its

13  implementing regulations.

14  251.    The allegations in this paragraph purport to characterize the ROD, which speaks

15  for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

16  inconsistent with the ROD.

17  252.    The allegations in this paragraph consist of legal conclusions, to which no

18  response is required.  To the extent a response is required Federal Defendants deny the

19  allegations in this paragraph and deny any violation of law.

20  253.    The allegations in this paragraph consist of legal conclusions, to which no

21  response is required.

22  254.    The allegations in this paragraph consist of legal conclusions, to which no

23  response is required.

24  255.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by

25  reference.

26  256.    The allegations in this paragraph purport to characterize the CWA and its

27  implementing regulations, which speak for themselves and are the best evidence of their

28

contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

257.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

258.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

259.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

260.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

261.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

262.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

263.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

264.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

265.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

266.    The allegations in this paragraph purport to characterize the CWA and its

implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

267.   The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

268.   The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the NEPA and its implementing regulations.

269.   The allegations in the first sentence of this paragraph purport to characterize the NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the NEPA and its implementing regulations.  The allegations in the second sentence of this paragraph purport to characterize the *Forty Most Asked Questions Concerning CEQ's National Environmental Policy Act Regulations*, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with that document.

270.   The allegations in the first sentence of this paragraph consist of legal conclusions, to which no response is required.  The allegations in the second sentence of this paragraph purport to characterize the *Forty Most Asked Questions Concerning CEQ's National Environmental Policy Act Regulations*, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the that document.

271.   The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation

inconsistent with the FEIS.

272.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the FEIS.

273.    The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required Federal Defendants deny the allegations in this paragraph and deny any violation of law.

274.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law.

275.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

276.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

277.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

278.    The allegations in the first sentence of this paragraph purports to characterize the ROD and CWA Section 404 permit, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the ROD or CWA Section 404 permit.  Federal Defendants deny the allegations in the second sentence of this paragraph.  The allegations in the third sentence of this paragraph consists of legal conclusions, to which no response is required.

279.    The allegations in this paragraph purport to characterize the CWA and its

1  implementing regulations, which speak for themselves and are the best evidence of their

2  contents.  Federal Defendants deny any allegation inconsistent with the CWA and its

3  implementing regulations.

4  280.   The allegations in this paragraph consist of legal conclusions, to which no

5  response is required.

6  281.   The allegations in this paragraph consist of legal conclusions, to which no

7  response is required.

8  282.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by

9  reference.

10  283.   The allegations in the first sentence of this paragraph purport to characterize the

11  CWA Section 404 permit, which speaks for itself and is the best evidence of its contents.

12  Federal Defendants deny any allegation inconsistent with the CWA Section 404 permit.

13  Federal Defendants the allegations in the second sentence of this paragraph.

14  284.   The allegations in the first sentence of this paragraph purport to characterize the

15  Draft EIS and Public Notice, which speak for themselves and are the best evidence of

16  their contents.  Federal Defendants deny any allegation inconsistent with the Draft EIS or

17  Public Notice.  Federal Defendants deny the allegations in the second sentence of this

18  paragraph.

19  285.   The allegations in this paragraph purport to characterize the CWA and its

20  implementing regulations, which speak for themselves and are the best evidence of their

21  contents.  Federal Defendants deny any allegation inconsistent with the CWA and its

22  implementing regulations.

23  286.   The allegations in this paragraph purport to characterize the CWA and its

24  implementing regulations, which speak for themselves and are the best evidence of their

25  contents.  Federal Defendants deny any allegation inconsistent with the CWA and its

26  implementing regulations.

27  287.   The allegations in the first sentence of this paragraph purport to characterize the

28

Public Notice, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the Public Notice.  The allegations in the second sentence of this paragraph consist of legal conclusions, to which no response is required.

288.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

289.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

290.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law. Federal Defendants also deny the allegations in this paragraph because the term "significant and substantial changes" is vague and ambiguous and therefore Federal Defendants are without sufficient information to form a belief about the allegations.

291.    The allegations in the first sentence of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the ROD.  The allegations in the second sentence of this paragraph purport to characterize the Public Notice and Draft EIS, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegation inconsistent with the Public Notice or Draft EIS.

292.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law.

293.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law.

294.    The allegations in this paragraph consist of legal conclusions, to which no

response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law.

295.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

296.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law.

297.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law.

298.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law.

299.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph and deny any violation of law.

300.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

301.    Federal Defendants admit the Corps partly relied on the 2013 Biological Opinion and Conference Opinion, and the 2016 Amended Biological Opinion and Conference Opinion prepared by the U.S. Fish and Wildlife Service in evaluating the proposed activity for compliance with the ESA.

302.    The allegations in first sentence of this paragraph purport to characterize unspecified documents in separate ongoing litigation, which speak for themselves and are the best evidence of its contents.  Federal Defendants deny any allegation inconsistent with the unspecified documents.  The allegations in the second sentence of this paragraph consist of legal conclusions, to which no response is required.

303.    The allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required Federal Defendants deny the allegations in this paragraph and deny any violation of law.

304.    The allegations in this paragraph consist of legal conclusions, to which no response is required.

## RESPONSE TO REQUEST FOR RELIEF

The allegations set forth in paragraphs A through E under the heading "REQUEST FOR RELIEF" consist of Plaintiffs' characterization of their requested relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

## GENERAL DENIAL

To the extent that any factual allegation in the Complaint has not been admitted or specifically responded to, Federal Defendants deny such allegation.

## AFFIRMATIVE DEFENSES

Federal Defendants assert the following defenses to the claims made in Plaintiffs' Complaint:

1.    Claims in the Complaint fail to state a claim upon which relief can be granted.

2.    The Court lacks jurisdiction over some or all of Plaintiffs' claims.

3.    Plaintiffs lack standing as to some or all of their claims.

4.    Some of Plaintiffs' claims are not ripe for review.

5.    Federal Defendants reserve the right to raise any defense—including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12—that may be supported by the record in the instant action.

Respectfully submitted this 15th day of July, 2019,

LAWRENCE VANDYKE
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Simi Bhat*
SIMI BHAT
Trial Attorney
U.S. Department of Justice
Environmental Defense Section
Environment & Natural Resources Division
301 Howard St., Ste. 1050
San Francisco, CA 94105
(415) 744-6473
simi.bhat@usdoj.gov

ANDREW SMITH
Senior Trial Attorney
U.S. Department of Justice
Natural Resources Section
Environment & Natural Resources Division
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 224-1468
andrew.smith@usdoj.gov

DEDRA S. CURTEMAN
Trial Attorney
U.S. Department of Justice
Natural Resources Section
Environment & Natural Resources Division
4 Constitution Square
150 M St. N.E., Ste. 3.137
Washington, D.C. 20002
Phone: (202) 305-0446
dedra.curteman@usdoj.gov

*Attorneys for Federal Defendants*

1

**CERTIFICATE OF SERVICE**

2

I HEREBY CERTIFY that on the 15th day of July, 2019, I filed the foregoing

3

document electronically through the CM/ECF system, which caused all parties or counsel

4

of record to be served by electronic means, as more fully reflected on the Notice of

5

6

Electronic Filing.

7

8                                          /s/ *Simi Bhat*
                                           Simi Bhat
9                                          U.S. Department of Justice

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28