LAWRENCE VANDYKE
Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

Additional counsel listed on signature page

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Save the Scenic Santa Ritas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Army Corps of Engineers, *et al.*, <br><br> Federal Defendants, <br><br> and <br><br> Rosemont Copper Co., <br><br> Defendant-Intervenor. | No. 4:19-cv-00177-TUC-JAS (Lead) <br> No. 4:19-cv-00205-TUC-JAS (C) <br><br> **FEDERAL DEFENDANTS' ANSWER TO TRIBES' COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 8(b), Federal Defendants United States, the U.S. Army Corps of Engineers ("Corps") and D. Peter Hemlinger in his official capacity as Brigadier General, by and through undersigned counsel, hereby submit their Answer to the allegations contained in the Tohono O'Oodham Nation et al. ("Plaintiffs" or the "Tribes")'s April 10, 2019 "Complaint for Declaratory and Injunctive Relief," ECF No. 1 (hereinafter "Complaint"). The numbered paragraphs of this Answer correspond to the numbered paragraphs in Plaintiffs' Complaint.

The headings and subheadings within the Complaint do not contain allegations that require a response. To the extent a response is required, the allegations contained in the headings and subheadings are denied.

1.      Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny them.

2.       Paragraph 2 is vague as to the "unique importance" of the site, the "pit," and the "devastation." Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in the first clause of the sentence in this paragraph and therefore deny them.

3.      Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in the first clause of the sentence in this paragraph and therefore deny them.  The allegations in the second clause of this sentence are vague and ambiguous as to "destroy," "degrade," "intricate," and "highest quality." Federal Defendants are without sufficient knowledge or information to form a belief as to those allegations and therefore deny them.

4.      The allegations in the first and second sentences of this paragraph consist of legal conclusions, to which no response is required. The allegations in the third sentence of this paragraph purport to characterize Rosemont's Clean Water Act ("CWA") Section 404 permit application, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Section 404 permit application.

5.      Federal Defendants lack sufficient information to form a belief as to the first sentence of this paragraph because the terms "overwhelming majority" and "vigorously opposed" are vague and ambiguous, and, therefore, Federal Defendants deny the allegation. The allegations in the second and third sentences of this paragraph purport to characterize unspecified documents submitted on the Section 404 permit, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents.

6.      Federal Defendants deny the allegations in the first sentence of this paragraph. The Corps Los Angeles District did not make a decision on Rosemont's Section 404 permit application, but referred the permit application to the Corps South Pacific Division. The

remaining allegations in this paragraph purport to characterize the July 25, 2016 Los Angeles District referral memorandum, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the referral memorandum.

7.     Federal Defendants deny the allegations in this paragraph. The Corps Los Angeles District did not make a decision on Rosemont's Section 404 permit application, but referred the permit application to the Corps South Pacific Division. Further, the material Rosemont proposed to use in its permit application was native material; waste rock is native material.

8.     The allegations in this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with these documents.

9.     Federal Defendants deny the allegations in this paragraph.

10.     The allegations in the first and second sentences of this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents. The allegations in the third sentence of this paragraph are vague and ambiguous and no response is required. To the extent a response is required, Federal Defendants deny the allegations in the third sentence of this paragraph. The allegations in the fourth sentence of this paragraph are vague and ambiguous and no response is required. To the extent that a response is required, Federal Defendants admit that the Corps did not prepare an Environmental Impact Statement, and deny the remainder of the allegations in the fourth sentence of this paragraph.

11.     The allegations in the first and second sentence in this paragraph purport to characterize the Corps Record of Decision ("Corps ROD"), Supplemental Environmental Assessment ("EA"), CWA Section 404 Permit, and United States Forest Service ("USFS") Mining Plan of Operations ("MPO"), which speak for themselves and are the

best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents. Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in the third sentence this paragraph and therefore deny them. The allegations in the footnote of this paragraph characterize ongoing litigation, to which no response is required.

12.    The allegations in this paragraph consist of Plaintiffs' characterization of their case, to which no response is required.

13.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

14.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

15.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

16.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

17.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

18.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

19.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the

1  allegations and deny any violation of law.

2  20.    The allegations in this paragraph purport to characterize unspecified documents,

3  which speak for themselves and are the best evidence of their contents. Federal

4  Defendants deny any allegation inconsistent with those documents.

5  21.    The allegations this paragraph consist of legal conclusions, to which no response

6  is required.

7  22.    The allegations this paragraph consist of legal conclusions, to which no response

8  is required.

9  23.    The allegations this paragraph consist of legal conclusions, to which no response

10  is required.

11  24.    The allegations this paragraph consist of legal conclusions, to which no response

12  is required.

13  25.    The allegations this paragraph consist of legal conclusions, to which no response

14  is required.

15  26.    The allegations in this paragraph consist of legal conclusions, to which no

16  response is required. To the extent that a response is required, Federal Defendants deny

17  any violations of law but admit that venue is proper in this District.

18  27.    Federal Defendants admit that the Tohono O'Odham Nation is a federally-

19  recognized tribe. Federal Defendants are without sufficient knowledge or information to

20  form a belief as to the truth of the remaining allegations in this paragraph and therefore

21  deny them.

22  28.    The allegations in this paragraph purport to characterize the Tohono O'odham

23  Nation's Constitution, which speaks for itself and is the best evidence of its contents.

24  Federal Defendants deny any allegation inconsistent with the document.

25  29.    Federal Defendants are without sufficient knowledge or information to form a

26  belief as to the truth of the allegations in this paragraph and therefore deny them.

27  30.    Federal Defendants lack sufficient information to form a belief as to the truth of

28

1  the purported interests in Paragraph 30. Further, because the phrases "severely and

2  irreversibly damaged" and "irreparably severed" are vague and ambiguous, Federal

3  Defendants lack sufficient information to form a belief as to the truth of the remainder of

4  the allegations in this paragraph, and, therefore, Federal Defendants deny those

5  allegations.

6  31.     The allegations in the first sentence of this paragraph purport to characterize

7  Resolution 09-569, which speaks for itself and is the best evidence of its contents.

8  Federal Defendants deny any allegation inconsistent with Resolution 09-569. The

9  allegations in the second sentence and footnote of this paragraph purport to characterize a

10  video produced by Plaintiffs, which speaks for itself and is the best evidence of its

11  contents. Federal Defendants deny any allegation inconsistent with the video.

12  32.     Federal Defendants are without sufficient knowledge or information to form a

13  belief as to the truth of the allegations in this paragraph and therefore deny them.

14  33.     Federal Defendants admit the Pascua Yaqui Tribe is a federally-recognized Indian

15  tribe. Federal Defendants are without sufficient knowledge or information to form a

16  belief as to the truth of the remaining allegations in this paragraph and therefore deny

17  them.

18  34.     Federal Defendants are without sufficient knowledge or information to form a

19  belief as to the truth of the allegations in this paragraph and therefore deny them.

20  35.     Federal Defendants lack sufficient information to form a belief as to the truth of

21  the purported interests in Paragraph 35. Further, because the terms "significantly impact"

22  and "permanently degrade" are vague and ambiguous, Federal Defendants lack sufficient

23  information to form a belief about the allegations, and, therefore, Federal Defendants

24  deny those allegations.

25  36.     Federal Defendants are without sufficient knowledge or information to form a

26  belief as to the truth of the allegations in this paragraph and therefore deny them.

27  37.     Federal Defendants admit the Hopi Tribe is a federally-recognized Indian tribe.

28

Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny them.

38.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

39.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

40.     The allegations in this paragraph purport to characterize written correspondence between Plaintiffs and the Corps, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the correspondence.

41.     The allegations in this paragraph consist of legal conclusions, to which no response is required.

42.     Federal Defendants admit the allegations in this paragraph.

43.     Federal Defendants admit that the Corps is a federal agency within the Department of Defense and admit that the Corps issues CWA section 404 permits.

44.     The allegations in this paragraph purport to characterize the CWA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the CWA.

45.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the the CWA and its implementing regulations.

46.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

47.     The allegations in the first and second sentences of this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and

are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations. The allegations in the third sentence of this paragraph consist of a legal conclusion, to which no response is required.

48.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

49.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

50.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

51.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

52.     The allegations in this paragraph purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the decision.

53.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

54.     The allegations in this paragraph purport to characterize the CWA and its

implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

55.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

56.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

57.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

58.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

59.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

60.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

61.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

62.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

63.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

64.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

65.     The allegations in the first sentence of this paragraph purport to characterize the National Environmental Policy Act ("NEPA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations. The allegations in the second sentence of this paragraph purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the decision.

66.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with its implementing regulations.

67.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations.

68.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations.

69.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations.

70.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations.

71.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations.

72.     The allegations in this paragraph purport to characterize court decisions, which speaks for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those decisions.

73.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations.

74.     The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations.

75.     The allegations in this paragraph purport to characterize court decisions, which speaks for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those decisions.

76.     The allegations in the first sentence of this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent NEPA and its implementing regulations. The allegations in the second sentence of this paragraph consist of a legal conclusion, to which no response is required.

77.     The allegations in this paragraph purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the APA.

78.     The allegations in the first sentence of this paragraph purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the APA. The allegations in the second and third sentences of this paragraph purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the decisions.

79.     Federal Defendants deny the allegations in the first sentence of this paragraph and aver that the CWA Section 404 permit authorized the permanent and temporary discharge of dredged and fill material into 39.00 acres of waters of the United States. The allegations in the second sentence and footnote to this paragraph purport to characterize the November 2017 letter from the Environmental Protection Agency ("EPA") ("EPA Letter"), which speaks for itself and is the best evidence of its contents. Federal

1  Defendants deny any allegation inconsistent with the letter.

2  80.     The allegations in this paragraph and the footnote to this paragraph characterize a

3  June 2017 letter from Pima County that includes a map, both of which speak for

4  themselves and are the best evidence of their contents. Federal Defendants deny any

5  allegation inconsistent with the letter.

6  81.     The allegations in this paragraph and the footnotes to this paragraph purport to

7  characterize the EPA November 2017 letter, which speaks for itself and is the best

8  evidence of its contents. Federal Defendants deny any allegation inconsistent with the

9  letter.

10  82.    In the first sentence of Paragraph 82, the term "important" is vague, and, Federal

11  Defendants are without sufficient knowledge or information to form a belief as to the

12  truth of the allegations in this sentence, and therefore deny them. The allegations in the

13  second and third sentence of this paragraph, and the footnotes to this paragraph, purport

14  to characterize a September 2018 letter from Pima County to the Corps ("Pima County

15  Sep. 2018 Letter to the Corps"), which speaks for itself and is the best evidence of its

16  contents. Federal Defendants deny any allegation inconsistent with the letter.

17  83.    The allegations in the first sentence and the related footnote of this paragraph

18  purport to characterize a September 2017 letter from Pima County to the Corps and USFS

19  ("Pima County Sep. 2017 Letter to the Corps and USFS"), which speaks for itself and is

20  the best evidence of its contents. Federal Defendants deny any allegation inconsistent

21  with the letter. The allegations in the second sentence and the related footnote of this

22  paragraph purport to characterize the letter, which speaks for itself and is the best

23  evidence of its contents. Federal Defendants deny any allegation inconsistent with the

24  letter.

25  84.    The allegations in the first sentence of this paragraph purport to characterize the

26  Arizona Administrative Code, which speaks for itself and is the best evidence of its

27  contents. Federal Defendants deny any allegation inconsistent with the Code. The

28

allegations in the second sentence and related footnote of this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter. The allegations in the third sentence and related footnote of this paragraph purport to characterize the USFS Final Environmental Impact Statement ("FEIS"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

85.     The allegations in the first sentence and related footnote of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS. The allegations in the second sentence and related footnote of this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

86.     The allegations and related footnotes in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

87.     The allegations and related footnotes in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

88.     The allegations and related footnote in this paragraph purport to characterize the EPA Nov. 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

89.     Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny them. The remaining allegations and related footnotes in this paragraph purport to characterize a December 2013 letter from Pima County to the Corps ("Pima County Dec. 2013 Letter to the Corps"), which speaks for itself and is the best evidence of its contents.

1 | Federal Defendants deny any allegation inconsistent with the letter.

2 | 90.    The allegations in this paragraph and the related footnotes purport to characterize
3 | the EPA November 2017 letter, which speaks for itself and is the best evidence of its
4 | contents. Federal Defendants deny any allegation inconsistent with the letter.

5 | 91.    The allegations in this paragraph and the related footnote purport to characterize
6 | the EPA Letter, which speaks for itself and is the best evidence of its contents. Federal
7 | Defendants deny any allegation inconsistent with the letter.

8 | 92.    The allegations in this paragraph purport to characterize the Ce:wi Duag National
9 | Register of Historic Places Registration Form ("NRHP Registration Form"), which
10 | speaks for itself and is the best evidence of its contents. Federal Defendants deny any
11 | allegation inconsistent with the Form. Federal Defendants further lack knowledge or
12 | information sufficient to form a belief as to the truth of the allegations purportedly
13 | included in the Form, and, therefore, deny them.

14 | 93.    The allegations in the first sentence and related footnote in this paragraph purport
15 | to characterize the FEIS, which speaks for itself and is the best evidence of its contents.
16 | Federal Defendants deny any allegation inconsistent with the FEIS. The remaining
17 | allegations and related footnotes in this paragraph purport to characterize the Ce: wi
18 | Duag NRHP Registration Form and the Tohono O'odham Nation's Objection Letter,
19 | which speak for themselves and are the best evidence of its contents. Federal Defendants
20 | deny any allegation inconsistent with the NRHP Registration Form and the letter. Federal
21 | Defendants further lack knowledge or information sufficient to form a belief as to the
22 | truth of the allegations purportedly included in the Form and the letter, and, therefore,
23 | deny them.

24 | 94.    The allegations in this paragraph and related footnotes purport to characterize the
25 | FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants
26 | deny any allegation inconsistent with the FEIS.

27 | 95.    The allegations in this paragraph and related footnotes purport to characterize the

28 |

FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

96.     The allegations in this paragraph and related footnotes purport to characterize Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the paragraph and therefore deny them.

97.     The allegations in this paragraph and related footnotes purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

98.     The allegations and related footnotes in this paragraph purport to characterize the Ce: wi Duag NRHP Registration Form and the Tohono O'odham Nation's Objection Letter, which speak for themselves and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the NRHP Registration Form and the letter. Federal Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations purportedly included in the Form and the letter, and, therefore, deny them.

99.     The remaining allegations and related footnotes in this paragraph purport to characterize the Ce: wi Duag NRHP Registration Form and the Tohono O'odham Nation's Objection Letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the NRHP Registration Form and the letter. Federal Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations purportedly included in the Form and the letter, and, therefore, deny them.

100.    The allegations in the first sentence and first and second clauses of the second sentence in this paragraph and related footnotes in this paragraph purport to characterize the Ce: wi Duag NRHP Registration Form and the Tohono O'odham Nation's Objection Letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the NRHP Registration Form and the letter. Federal

Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations purportedly included in the Form and the letter, and, therefore, deny them. The allegations in the final clause of the second sentence and the related footnote purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

101.    The allegations in this paragraph and related footnote purport to characterize the FEIS and the Tohono O'odham Nation's Objection Letter, which speak for themselves and are the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the FEIS and letter. Federal Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations purportedly included in the letter, and, therefore, deny them.

102.    The allegations in this paragraph and related footnote purport to characterize the FEIS, the Tohono O'odham Nation's Objection Letter, and the Pascua Yaqui Tribe's Protest, which speak for themselves and are the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the FEIS, letter and Protest. Federal Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations purportedly included in the letter and Protest, and, therefore, deny them.

103.    The allegations in the first sentence of this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps ROD. The allegations in the second sentence of this paragraph characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS. The allegations in the third sentence of this paragraph purport to characterize the USFS Record of Decision ("USFS ROD"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the USFS ROD.

104.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

105.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

106.    The allegations in this paragraph and related footnotes purport to characterize the FEIS and the EPA November 2017 letter, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the FEIS and letter.

107.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

108.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

109.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

110.    The allegations in this paragraph purport to characterize the FEIS and a November 2013 letter from EPA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the FEIS and the letter.

111.    The allegations in this paragraph purport to characterize the FEIS and USFS ROD, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the FEIS and USFS ROD.

112.    The allegations in this paragraph purport to characterize the FEIS, which speaks

for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

113.    The allegations in this paragraph purport to characterize the FEIS and Corps ROD, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the FEIS and Corps ROD.

114.    The allegations in the first sentence of this paragraph consist of a legal conclusion, to which no response is required. The allegations in the second sentence of this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of this paragraph purport to characterize a figure from the March 23, 2018 letter from Rosemont to the Corps, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter and the figure.

115.    The allegations in this paragraph purport to characterize Rosemont's CWA Section 404 Permit application, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the CWA Section 404 Permit application.

116.    Federal Defendants deny the allegations in the first sentence of this paragraph. Waste rock is native material. The remaining allegations in this paragraph purport to characterize the CWA Section 404 Permit application, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the CWA Section 404 Permit application.

117.    The allegations in this paragraph purport to characterize a March 2018 letter from Rosemont Copper Company ("Rosemont") to the Corps ("Rosemont Phasing Impacts Letter"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

118.    The allegations in this paragraph purport to characterize the Rosemont Phasing Impacts Letter, which speaks for itself and is the best evidence of its contents. Federal

1   Defendants deny any allegation inconsistent with the letter.

2   119.    The allegations in this paragraph purport to characterize the Corps' Public Notice

3   for Rosemont's CWA Section 404 Permit application ("Public Notice"), which speaks for

4   itself and is the best evidence of its contents. Federal Defendants deny any allegation

5   inconsistent with the Public Notice.

6   120.    The allegations in this paragraph purport to characterize the Public Notice, which

7   speaks for itself and is the best evidence of its contents. Federal Defendants deny any

8   allegation inconsistent with the Public Notice.

9   121.    The allegations in this paragraph purport to characterize the Corps ROD and CWA

10  Section 404 permit, which speak for themselves and are the best evidence of their

11  contents. Federal Defendants deny any allegation inconsistent with the Corps ROD and

12  CWA Section 404 permit.

13  122.    The allegations in this paragraph purport to characterize the Public Notice, which

14  speaks for itself and is the best evidence of its contents. Federal Defendants deny any

15  allegation inconsistent with the Public Notice.

16  123.    The allegations in the first and second sentence of this paragraph purport to

17  characterize a 2015 technical memorandum, which speaks for itself and provides the best

18  evidence of its contents. Federal Defendants deny any allegation inconsistent with the the

19  memorandum. The allegations in the third sentence of this paragraph purport to

20  characterize the EPA 2013 Updated Compensatory Mitigation Letter, which speaks for

21  itself and is the best evidence of its contents. Federal Defendants deny any allegation

22  inconsistent with the letter.

23  124.    The allegations in this paragraph purport to characterize unspecified documents,

24  which speak for themselves and are the best evidence of their contents. Federal

25  Defendants deny any allegation inconsistent with those documents.

26  125.    The allegations in this paragraph purport to characterize a February 2012 letter

27  from EPA, which speaks for itself and is the best evidence of its contents. Federal

28

Defendants deny any allegation inconsistent with the February 2012 letter.

126.    The allegations in this paragraph purport to characterize the Pima County December 2013 Letter to the Corps, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

127.    Federal Defendants admit that the Arizona Department of Environmental Quality ("ADEQ") issued a CWA Section 401 Water Quality Certification for the project in 2015.

128.    The allegations in this paragraph purport to characterize an April 2015 letter from EPA ("EPA 2015 Other Water Quality Impacts Letter"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

129.    The allegations in this paragraph purport to characterize the EPA 2015 Other Water Quality Impacts Letter, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

130.    The allegations in the first two sentences of this paragraph purport to characterize a 2015 Corps memorandum, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the 2015 memorandum. The allegations in the third sentence of this paragraph purport to characterize the Arizona Revised Statutes ("ARS") and ADEQ's basis for the Section 401 Water Quality Certification, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the ARS and Section 401 Water Quality Certification. The allegations in the fourth and fifth sentences of this paragraph purport to characterize ADEQ's basis for the Section 401 Water Quality Certification, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with ADEQ's basis for the Section 401 Water Quality Certification. The allegation in the sixth sentence of this paragraph consist ofs a legal conclusion, to which no response is required. To the extent a response

is required, Federal Defendants deny any violation of law.

131.    The allegations in this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents.

132.    The allegations in this paragraph purport to characterize a 2015 technical memorandum prepared by EPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the 2015 technical memorandum.

133.    Federal Defendants deny that the Corps Los Angeles District made a final decision and aver that the Corps Los Angeles District referred the permit application to the South Pacific Division on July 25, 2016.

134.    Federal Defendants deny the allegations in this paragraph. The Los Angeles District did not make a final decision. The Corps Los Angeles District referred the permit application to the South Pacific Division on July 25, 2016.

135.    The allegations in this paragraph purport to characterize the Los Angeles District's permit application referral to the South Pacific Division, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the referral.

136.    The allegations in this paragraph purport to characterize the Corps March 8, 2019 letter to the Tribes and a September 2018 letter from the Tribes to the Corps, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the letters.

137.    The allegations in this paragraph purport to characterize a December 2016 letter from the Corps to Rosemont, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

138.    The allegations in this paragraph purport to characterize a December 2016 letter from the Corps to Rosemont, which speaks for itself and is the best evidence of its

contents. Federal Defendants deny any allegation inconsistent with the letter.

139.    The allegations in this paragraph purport to characterize October 2016 and December 2017 letters ("Pima Co. Dec. 2017 Letter to Corps") from Pima County to the Corps, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the letters.

140.    The allegations in this paragraph purport to characterize two EPA Nov. 2017 letters, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with letters.

141.    The allegations in this paragraph purport to characterize two EPA Nov. 2017 letters, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the letters.

142.    The allegations in the first and second sentence of this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations. The allegations in the third sentence of this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

143.    The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

144.    The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

145.    The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

146.   The allegations in this paragraph purport to characterize the EPA November 2017, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

147.   The allegations in this paragraph purport to characterize the Pima County September 2018 Letter to the Corps, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

148.   The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

149.   The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

150.   The allegations in this paragraph purport to characterize the EPA November 2017 letter and the FEIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the letter or FEIS.

151.   The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

152.   The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

153.   The allegations in the first and second sentences of this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter. The remaining allegations in this paragraph purport to characterize the 2015 USFS Supplemental Information Report ("USFS SIR"), which speaks for itself and is the best

evidence of its contents. Federal Defendants deny any allegation inconsistent with the USFS SIR.

154.    The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

155.    The allegations in the first sentence of this paragraph purport to characterize the USFS SIR, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the USFS SIR. The allegations in the second and third sentences of this paragraph purport to characterize the 2016 Amended Biological and Conference Opinion ("2016 Amended BiOp"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the 2016 Amended BiOp.

156.    The allegations in this paragraph purport to the EPA November 2017 letter, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

157.    The allegations in this paragraph purport to characterize the 2016 Amended BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the 2016 Amended BiOp.

158.    The allegations in the first sentence of this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter. The allegations in the second sentence of this paragraph purport to characterize the 2016 Amended BiOp, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the 2016 Amended BiOp.

159.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its

1    implementing regulations.

2    160.    The allegations in this paragraph purport to characterize the EPA November 2017

3    Significant Degradation Letter, which speaks for itself and is the best evidence of its

4    contents. Federal Defendants deny any allegation inconsistent with the letter.

5    161.    The allegations in this paragraph purport to characterize the EPA November 2017

6    letter and the FEIS, which speak for themselves and are the best evidence of their

7    contents. Federal Defendants deny any allegation inconsistent with the letter or FEIS.

8    162.    The allegations in this paragraph purport to the EPA November 2017 letter, which

9    speaks for itself and is the best evidence of its contents. Federal Defendants deny any

10   allegation inconsistent with the letter.

11   163.    The allegations in this paragraph purport to characterize the EPA November 2017

12   letter, which speaks for itself and is the best evidence of its contents. Federal Defendants

13   deny any allegation inconsistent with the letter.

14   164.    The allegations in this paragraph purport to characterize the EPA November 2017

15   letter, which speaks for itself and is the best evidence of its contents. Federal Defendants

16   deny any allegation inconsistent with the letter.

17   165.    The allegations in this paragraph purport to characterize the EPA November 2017

18   letter, which speaks for itself and is the best evidence of its contents. Federal Defendants

19   deny any allegation inconsistent with the letter.

20   166.    The allegations in this paragraph purport to characterize the Pima County

21   September 2017 Letter to the Corps and USFS, which speaks itself and is the best

22   evidence of its contents. Federal Defendants deny any allegation inconsistent with the

23   letter.

24   167.    The allegations in this paragraph purport to characterize the EPA November 2017

25   letter, which speaks for itself and is the best evidence of its contents. Federal Defendants

26   deny any allegation inconsistent with the letter.

27   168.    The allegations in this paragraph purport to characterize the CWA and its

28

implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

169.     The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

170.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

171.     The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

172.     The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the the the letter.

173.     The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

174.     The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

175.     The allegations in this paragraph purport to characterize the EPA Nov. 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

176.     The allegations in this paragraph purport to characterize the EPA November 2017

letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

177.   The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

178.   The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

179.   The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

180.   The allegations in this paragraph purport to characterize ADEQ's basis for the CWA Section 401 Water Quality Certification, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with ADEQ's basis for the CWA Section 401 Water Quality Certification.

181.   The allegations in this paragraph purport to characterize ADEQ's basis for the CWA Section 401 Water Quality Certification, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with ADEQ's basis for the CWA Section 401 Water Quality Certification.

182.   The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

183.   The allegations in this paragraph purport to characterize the EPA 2015 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

184.   The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants

deny any allegation inconsistent with the letter.

185.    The allegations in this paragraph purport to characterize the EPA 2015 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

186.    The allegations in this paragraph purport to characterize the EPA November 2017 letter and otherwise consist of legal conclusions, to which no response is required. Federal Defendants deny any allegation inconsistent with the letter. To the extent a response is required to the legal conclusions, Federal Defendants deny any violations of law.

187.    The allegations in the first sentence of this paragraph purport to characterize the EPA 2015 and November 2017 letters, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the letters. The allegations in the second sentence of this paragraph purport to characterize the EPA 2015 letter and ADEQ's basis for the § 401 Water Quality Certification, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the letter and ADEQ's basis for the § 401 Water Quality Certification.

188.    The allegations in the first sentence of this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with letter. The allegations in the second sentence of this paragraph purport to characterize the EPA November 2017 letter and Rosemont's Surface Water Mitigation Plan ("SWMP"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the letter and SWMP. The allegations in the third sentence of this paragraph purport to characterize the EPA 2015 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter. The allegations in the fourth sentence of this paragraph purport to

characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps ROD. The allegations in the fifth sentence of this paragraph purport to characterize Corps memorandums, which speaks for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the memorandums.

189.     The allegations in the first sentence of this paragraph purport to characterize the SWMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the SWMP. Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations in the second sentence of this paragraph and therefore deny them. The allegations in the third sentence of this paragraph purport to characterize an April 2014 Pima County memo, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the April 2014 Pima County memo. The allegations in the fourth sentence of this paragraph purport to characterize a February 2014 Corps memorandum and the Corps ROD, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the February 2014 Corps memorandum and Corps ROD. The allegations in the fifth sentence in this paragraph purports to characterize the February 2014 Corps memorandum, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the February 2014 Corps memorandum.

190.     The allegations in the first sentence in this paragraph purport to characterize the SWMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the SWMP. The allegations in the second sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS. The allegations in the third sentence in this paragraph purport to characterize the Supplemental Environmental Assessment ("EA"), which speaks for

itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Supplemental EA.

191.    The allegations in the first sentence in this paragraph purport to characterize the SWMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the SWMP. The allegations in the second sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS. The allegations in the third sentence of this paragraph purport to characterize a March 2014 Corps memorandum, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the March 2014 Corps memorandum.

192.    The allegations in the first and second sentences of this paragraph purport to characterize the SWMP, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the SWMP. The allegations in the third sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS. The allegations in the fourth sentence of this paragraph purport to characterize a March 2014 Corps memorandum and the SWMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the March 2014 Corps memorandum and SWMP.

193.    The allegations in the first sentence of this paragraph purport to characterize the Supplemental EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Supplemental EA. The allegations in the second sentence of this paragraph purport to characterize a March 2014 Corps memorandum, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with March 2014 Corps memorandum.

194.    The allegations in the first sentence of this paragraph purport to characterize the Final 2017 Habitat Mitigation and Monitoring Plan ("Final 2017 HMMP"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final 2017 HMMP. The allegations in the second sentence of this paragraph purport to characterize unidentified "technical memos," which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with documents.

195.    The allegations in this paragraph purport to characterize the April 2014 HMMP, Final 2017 HMMP, and the Pima County December 2017 Letter to the Corps, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the April 2014 HMMP, Final 2017 HMMP, and December 2017 letter.

196.    The allegations in this paragraph purport to characterize a November 2017 letter from EPA to the Corps ("EPA Nov. 2017 Final HMMP Letter"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

197.    The allegations in this paragraph purport to characterize a 2015 technical memorandum and a 2017 report on the Final 2017 HMMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the 2015 technical memorandum and 2017 report on the Final 2017 HMMP.

198.    The allegations in this paragraph purport to characterize a 2015 technical memorandum, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the 2015 technical memorandum.

199.    The allegations in this paragraph purport to characterize the Pima County December 2017 Letter to the Corps, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the e letter.

200.    The allegations in this paragraph purport to characterize the Supplemental EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Supplemental EA.

201.    The allegations in the first sentence of this paragraph purport to characterize the Supplemental EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Supplemental EA. The allegations in the second sentence of this sentence purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS. The allegations in the third sentence of this paragraph purport to characterize the Corps ROD, Supplemental EA, and CWA Section 404 Permit, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Corps ROD, Supplemental EA, and CWA Section 404 Permit.

202.    The allegations in this paragraph purport to characterize the Final 2017 HMMP and Supplemental EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Final 2017 HMMP and Supplemental EA.

203.    The allegations in the first sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS. The allegations in the second sentence of this paragraph purport to characterize the Supplemental EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Supplemental EA.

204.    The allegations in the first sentence of this paragraph purport to characterize the HMMP, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the HMMP. The allegations in the second sentence of this paragraph purport to characterize the EPA November 2017 Final

HMMP Letter and the FEIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the letter and FEIS. The allegations in the third sentence of this paragraph purport to characterize the EPA November 2017 Final HMMP Letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

205.    The allegations in the first sentence of this paragraph purport to characterize the EPA November 2017 Final HMMP Letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter. The allegations in the second and third sentences in this paragraph purport to characterize the Pima County December 2017 Letter to the Corps, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

206.    The allegations in the first sentence of this paragraph purport to characterize the Pima County December 2017 Letter to the Corps, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter. The allegations in the second sentence of this paragraph purport to characterize Rosemont's response to EPA comments on its 2017 HMMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the response.

207.    Federal Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny them. The allegations in the second sentence of this paragraph purport to characterize the Final 2017 HMMP and Supplemental EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Final 2017 HMMP and Supplemental EA.

208.    The allegations in the first sentence of this paragraph purport to characterize

Rosemont's response to EPA comments on its 2017 HMMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter. The allegations in the second sentence of this paragraph purport to characterize the Final 2017 HMMP and Supplemental EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Final 2017 HMMP and Supplemental EA.

209.    Federal Defendants admit the allegation in the first sentence of this paragraph that the Corps received thousands of public comments related to the issuance of the CWA section 404 Permit. The allegations in the second sentence of this paragraph purport to characterize the public comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the public comments.

210.    The allegations in the first sentence of this paragraph purport to characterize the public comments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the public comments. The allegations in the second sentence of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

211.    Federal Defendants deny the allegations in this paragraph because the term "permanently scar the cultural landscape" is vague and ambiguous and therefore Federal Defendants lack sufficient information to form a belief about the allegations.

212.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

213.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

214.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

215.    The allegations in this paragraph purport to characterize the Nation's Protest, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Protest. Further, Federal Defendants are without sufficient knowledge or information to form a belief as to the allegations purportedly included in the Protest and therefore deny them.

216.    The allegations in this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents.

217.    The allegations in the first and second sentence of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS. The allegations in the third sentence of this paragraph purport to characterize a February 2012 e-mail from BLM to the U.S. Fish and Wildlife Service ("FWS"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the e-mail.

218.    The allegations in the first sentence of this paragraph purport to characterize the BLM Statement of Claimant for Empire Gulch, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the BLM Statement of Claimant for Empire Gulch. The allegations in the second sentence of this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

219.    The allegations in this paragraph purport to characterize the EPA November 2017 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants

1  deny any allegation inconsistent with the letter.

2  220.    The allegations in this paragraph purport to characterize the FEIS, which speaks

3  for itself and is the best evidence of its contents. Federal Defendants deny any allegation

4  inconsistent with the FEIS.

5  221.    The allegations in the first sentence of this paragraph purport to characterize the

6  USFS ROD, which speaks for itself and is the best evidence of its contents. Federal

7  Defendants deny any allegation inconsistent with the USFS ROD. The allegations in the

8  second and third sentences of this paragraph purport to characterize the FEIS, which

9  speaks for itself and is the best evidence of its contents. Federal Defendants deny any

10  allegation inconsistent with the FEIS.

11  222.    The allegations in in this paragraph purport to characterize the FEIS, which speaks

12  for itself and is the best evidence of its contents. Federal Defendants deny any allegation

13  inconsistent with the FEIS.

14  223.    The allegations in this paragraph purport to characterize the EPA November 2017

15  letter, which speaks for itself and is the best evidence of its contents. Federal Defendants

16  deny any allegation inconsistent with the letter.

17  224.    The allegations in this paragraph purport to characterize the Pima County

18  September 2017 Letter to the Corps and USFS, which speaks for itself and is the best

19  evidence of its contents. Federal Defendants deny any allegation inconsistent with the

20  letter.

21  225.    The allegations in this paragraph purport to characterize the EPA Nov. 2017 letter

22  to the Corps, which speaks for itself and is the best evidence of its contents. Federal

23  Defendants deny any allegation inconsistent with the letter.

24  226.    The allegations in this paragraph are vague as to the "broad array" of species

25  described. Federal Defendants lack sufficient knowledge and information to form a belief

26  as to these allegations in this paragraph and therefore deny them.

27  227.    The allegations in this paragraph purport to characterize the 2016 Amended BiOp,

28  FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT                                    37

which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the 2016 Amended BiOp.

228.    The allegations in this paragraph purport to characterize 2011 BLM comments on the Draft EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the comments.

229.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

230.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

231.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

232.    Federal Defendants lack sufficient knowledge or information to form a belief as to the allegations in this paragraph and therefore deny them.

233.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the FEIS.

234.    Federal Defendants admit that the Corps South Pacific Division issued a ROD recommending approval of the CWA Section 404 Permit on March 8, 2019, but deny the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the CWA Section 404 Permit Application, Corps Public Notice, Corps ROD, and CWA Section 404 Permit, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA Section 404 Permit Application, Corps Public Notice, Corps ROD, and CWA Section 404 Permit. The allegations in the third sentence

of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny any violations of law.

235.    The allegations in this paragraph purport to characterize the CWA Section 404 Permit, which speaks for itself is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the CWA Section 404 Permit.

236.    Federal Defendants deny the allegations in the first clause of the first sentence of this paragraph. Rosemont applied for a CWA Section 404 Permit, and the Corps did not require them to fill washes and creeks at the mine site. Further, waste rock is native material. The allegations in the second clause of the first sentence purport to characterize the CWA Section 404 Permit, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the CWA Section 404 Permit. The allegations in the third clause of the first sentence of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law. The allegations in the second sentence in this paragraph purport to characterize the Section 404 Permit Application, Corps Public Notice, Corps ROD, and Section 404 Permit, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the documents.

237.    The allegations in this paragraph purport to characterize the Corps ROD and Corps Public Notice, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Corps ROD and Corps Public Notice.

238.    The allegations in this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps ROD.

239.    The allegations in this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any

1  allegation inconsistent with the Corps ROD.

2  240.    The allegations in this paragraph purport to characterize the Corps ROD, which

3  speaks for itself and is the best evidence of its contents. Federal Defendants deny any

4  allegation inconsistent with the Corps ROD.

5  241.    The allegations in this paragraph purport to characterize the Corps ROD and CWA

6  Section 401 Water Quality Certification, which speak for themselves and are the best

7  evidence of their contents. Federal Defendants deny any allegation inconsistent with the

8  Corps ROD and CWA Section 401 Water Quality Certification.

9  242.    Federal Defendants admit that in its ROD, the Corps did not discuss the Mine Plan

10  of Operations ("MPO") authorized by the Forest Service. The MPO postdates the CWA

11  Section 404 permit and could not have been discussed by the Corps in its ROD for the

12  CWA Section 404 permit. Federal Defendants are without sufficient knowledge or

13  information to form a belief as to the allegations in the second clause of the sentence in

14  this paragraph and therefore deny them.

15  243.    The allegations in this paragraph purport to characterize the Corps ROD, which

16  speaks for itself and is the best evidence of its contents. Federal Defendants deny any

17  allegation inconsistent with the Corps ROD.

18  244.    The allegations in this paragraph purport to characterize the Corps ROD, which

19  speaks for itself and is the best evidence of its contents. Federal Defendants deny any

20  allegation inconsistent with the Corps ROD.

21  245.    The allegations in this paragraph purport to characterize the Corps ROD, which

22  speaks for itself and is the best evidence of its contents. Federal Defendants deny any

23  allegation inconsistent with the Corps ROD.

24  246.    The allegations in this paragraph purport to characterize the Corps ROD, which

25  speaks for itself and is the best evidence of its contents. Federal Defendants deny any

26  allegation inconsistent with the Corps ROD.

27  247.    The allegations in this paragraph purport to characterize the Corps ROD, which

28

speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps ROD.

248.    The allegations in this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps ROD.

249.    The allegations in the first sentence of this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps ROD. The allegations in the second sentence of this paragraph purport to characterize the Supplemental EA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Supplemental EA.

250.    The allegations in the first sentence of this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps ROD. Federal Defendants deny the allegations in the second sentence of this paragraph. The Corps discussed EPA's comments in its ROD.

251.    The allegations in this paragraph purport to characterize the EPA November 2017 letter and the Corps ROD, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Corps ROD.

252.    The allegations in this paragraph purport to characterize the EPA November 2017 letter and the Corps ROD, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the letter and Corps ROD.

253.    The allegations in this paragraph purport to characterize the EPA November 2017 letters and the Corps ROD, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Corps ROD.

254.    The allegations in the first sentence of this paragraph purport to characterize the

CWA Section 404 Permit, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the CWA Section 404 Permit. The allegations in the second sentence of this paragraph purport to characterize the Corps Public Notice and Corps ROD, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Corps Public Notice and Corps ROD.

255. Federal Defendants admit they did not prepare a Supplemental Environmental Impact Statement. The allegations in the second sentence of this paragraph purport to characterize the Supplemental EA and Corps ROD, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Supplemental EA and Corps ROD and deny any violations of law.

256. The allegations in the first sentence of Paragraph 256 purport to characterize the HMMP and a December 2017 letter to the Corps, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the HMMP or the referenced letter. Federal Defendants deny the allegations in the second sentence of this paragraph.

257. The allegations in the first sentence of this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents. The allegations in the second sentence of this paragraph purport to characterize a May 2018 e-mail from EPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the May 2018 e-mail. The allegations in the third sentence of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

258. The allegations in this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any

allegation inconsistent with the Corps ROD.

259.   The allegations in this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps ROD.

260.   The allegations in the first sentence and first clause of the second sentence of this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps ROD. The allegations in the second clause of the second sentence of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

261.   The allegations in this paragraph purport to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps ROD.

262.   Federal Defendants deny the allegations in the first sentence in this paragraph. Waste rock is native material. The allegations in the second and third sentence of this paragraph purport to characterize the Corps December 2016 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the letter.

263.   The allegations in this paragraph purport to characterize the Final Revised MPO, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Final Revised MPO.

264.   The allegations in this paragraph purport to characterize the Revegetation and Growth Media Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Revegetation and Growth Media Plan.

265.   The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation

inconsistent with the FEIS.

266. The allegations in the first sentence of this paragraph purport to characterize the Historic Properties Treatment Plan for the project ("HPTP"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the HPTP. The allegations in the second sentence of this paragraph purport to characterize the Rosemont Data Recovery Schedule ("Data Recovery Schedule"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Data Recovery Schedule. The allegations in the third and fourth sentences of this paragraph purport to characterize the HPTP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the HPTP.

267. The allegations in this paragraph purport to characterize the HPTP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the HPTP.

268. The allegations in this paragraph purport to characterize the Data Recovery Schedule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Data Recovery Schedule.

269. The allegations in the first sentence of this paragraph purport to characterize the Data Recovery Schedule and HPTP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Data Recovery Schedule and HPTP. The allegations in the remaining sentences of this paragraph purport to characterize the HPTP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the HPTP.

270. The allegations in this paragraph purport to characterize the Data Recovery Schedule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Data Recovery Schedule.

271.    The allegations in the first sentence of this paragraph purport to characterize the HPTP and Data Recovery Schedule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Data Recovery Schedule and HPTP. The allegations in the second sentence of this paragraph purport to characterize the Data Recovery Schedule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Data Recovery Schedule. The allegations in the third and fourth sentences of this paragraph purport to characterize the HPTP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the HPTP.

272.    The allegations in this paragraph purport to characterize the Rosemont's Notice of Permit Issuance, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Notice of Permit Issuance.

273.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

274.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violations of law.

275.    The allegations in this paragraph purport to characterize Rosemont's CWA Section 404 Permit Application, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the CWA Section 404 Permit Application.

276.    The allegations purport to characterize unspecified documents, potentially including the referral memorandum from the Corps Los Angeles District. Federal Defendants deny any allegation inconsistent with the referral memorandum and other documents.

277.    The allegations in this paragraph purport to characterize the Public Notice and

unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the Public Notice and other documents referenced.

278.    The allegations in this paragraph purport to characterize unspecified documents, potentially including the referral memorandum, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the referral memorandum and other documents.

279.    Federal Defendants admit the Corps issued a Section 404 permit but deny the remaining allegations in the first sentence of this paragraph. The allegations in the second and third sentences of this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents.

280.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

281.    The allegations in the first sentence of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violations of law. The remaining allegations in this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents.

282.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violations of law.

283.    The allegations in the first sentence of this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents. The

allegations in the second and third sentences of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

284.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

285.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

286.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

287.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

288.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

289.    The allegations in the first sentence of this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents. The allegations in the second sentence of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

290.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any

violation of law.

291.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

292.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

293.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

294.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

295.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

296.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

297.    The allegations in this paragraph purport to characterize the Arizona Administrative Code, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Arizona Administrative Code.

298.    Federal Defendants admit the allegation in the first sentence of this paragraph that ADEQ granted a CWA Section 401 Water Quality Certification for the project. The allegations in the second sentence of this paragraph purport to characterize unspecified

comments made by the EPA Regional Administrator, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those comments.

299. The allegations in this paragraph purport to characterize unspecified comments made by the EPA Regional Administrator, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the comments.

300. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

301. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

302. The allegations in the first sentence of this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents and the Administrative Record. The allegations in the second sentence of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

303. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

304. Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

305. The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the CWA and its

1   implementing regulations.

2   306.    The allegations in this paragraph purport to characterize the CWA and its

3   implementing regulations, which speak for themselves and are the best evidence of its

4   contents. Federal Defendants deny any allegation inconsistent with the CWA and its

5   implementing regulations.

6   307.    The allegations in this paragraph consist of legal conclusions, to which no

7   response is required. To the extent a response is required, Federal Defendants deny any

8   violation of law.

9   308.    The allegations in this paragraph consist of legal conclusions, to which no

10  response is required. To the extent a response is required, Federal Defendants deny any

11  violation of law.

12  309.    The allegations in this paragraph consist of legal conclusions, to which no

13  response is required. To the extent a response is required, Federal Defendants deny any

14  violation of law.

15  310.    The allegations in this paragraph consist of legal conclusions, to which no

16  response is required. To the extent a response is required, Federal Defendants deny any

17  violation of law.

18  311.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by

19  reference.

20  312.    The allegations in this paragraph consist of legal conclusions, to which no

21  response is required. To the extent a response is required Federal Defendants deny any

22  violation of law.

23  313.    The allegations in this paragraph purport to characterize NEPA and its

24  implementing regulations, which speak for themselves and are the best evidence of their

25  contents. Federal Defendants deny any allegation inconsistent with NEPA and its

26  implementing regulations.

27  314.    The allegations in this paragraph purport to characterize the Corps Public Notice,

which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the Corps Public Notice.

315.    The allegations in this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents.

316.    The allegations in this paragraph purport to characterize unspecified documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents. To the extent a response is required, Federal Defendants deny the allegations.

317.    Federal Defendants deny the allegations in this paragraph.

318.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny any violation of law.

319.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

320.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

321.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

322.    The allegations in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the CWA and its implementing regulations.

323.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations.

324.    The allegations in the first two sentences of this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations. The allegations in the third sentence of this paragraph purport to characterize the document "Forty Most Asked Questions Concerning CEQ's [NEPA] Regulations," which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the document.

325.    The allegations in this paragraph purport to characterize the CWA Section 404 Permit, the HMMP, and unspecified environmental analyses, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with those documents. The allegations also consist of legal conclusions, to which no response is required. To the extent a response is required Federal Defendants deny any violation of law.

326.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required Federal Defendants deny any violation of law.

327.    Federal Defendants incorporate all preceding paragraphs of this Answer herein by reference.

328.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations.

329.    The allegations in this paragraph purport to characterize NEPA and its

implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegation inconsistent with NEPA and its implementing regulations.

330.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required Federal Defendants deny any violation of law.

331.    The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required Federal Defendants deny any violation of law.

## RESPONSE TO PRAYER FOR RELIEF

The allegations set forth in paragraphs one through seven under the heading "PRAYER FOR RELIEF" consist of Plaintiffs' characterization of their requested relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or to any relief whatsoever.

## GENERAL DENIAL

To the extent that any factual allegation in the Complaint has not been admitted or specifically responded to, Federal Defendants deny such allegation.

## AFFIRMATIVE DEFENSES

Federal Defendants assert the following defenses to the claims made in Plaintiffs' Complaint:

1.  Claims in the Complaint fail to state a claim upon which relief can be granted.

2.  The Court lacks jurisdiction over some or all of Plaintiffs' claims.

3.  Plaintiffs lack standing as to some or all of their claims.

4.  Some of Plaintiffs' claims are not ripe for review.

5.  Federal Defendants reserve the right to raise any defense—including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and

12—that may be supported by the record in the instant action.

Respectfully submitted this 15th day of July, 2019,

LAWRENCE VANDYKE
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Simi Bhat*
SIMI BHAT
Trial Attorney
U.S. Department of Justice
Environmental Defense Section
Environment & Natural Resources Division
301 Howard St., Ste. 1050
San Francisco, CA 94105
(415) 744-6473
simi.bhat@usdoj.gov

ANDREW SMITH
Senior Trial Attorney
U.S. Department of Justice
Natural Resources Section
Environment & Natural Resources Division
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 224-1468
andrew.smith@usdoj.gov

DEDRA S. CURTEMAN
Trial Attorney
U.S. Department of Justice
Natural Resources Section
Environment & Natural Resources Division
4 Constitution Square
150 M St. N.E., Ste. 3.137
Washington, D.C. 20002
Phone: (202) 305-0446
dedra.curteman@usdoj.gov

1
2                            *Attorneys for Federal Defendants*
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**CERTIFICATE OF SERVICE**

2

I HEREBY CERTIFY that on the 15th day of July, 2019, I filed the foregoing

3

document electronically through the CM/ECF system, which caused all parties or counsel

4

5

of record to be served by electronic means, as more fully reflected on the Notice of

6

Electronic Filing.

7

8                                      /s/ *Simi Bhat*
                                       Simi Bhat
9                                      U.S. Department of Justice

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28