Heidi J. McIntosh (CO Bar No. 48230) *(admitted pro hac vice)*
Stuart C. Gillespie (CO Bar No. 42861) *(admitted pro hac vice)*
Caitlin Miller (CO Bar No. 50600) *(admitted pro hac vice)*
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
hmcintosh@earthjustice.org
sgillespie@earthjustice.org
cmiller@earthjustice.org
Phone: (303) 623-9466
Fax: (720) 550-5757

*Attorneys for Plaintiffs Tohono O'odham Nation; Pascua Yaqui Tribe; and Hopi Tribe*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Save the Scenic Santa Ritas, *et al.*,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>United States Army Corps of Engineers, *et al.*,<br>　　　　Defendants,<br>　　and<br>Rosemont Copper Company,<br>　　　　Defendant-Intervenors. | No. 4:19-cv-00177-TUC-JAS [Lead])<br>No. 4:19-cv-00205-TUC-JAS (C)<br><br>Chief Judge: James A. Soto<br><br><br>**PLAINTIFFS' JOINT PROPOSED BRIEFING SCHEDULE** |
| Tohono O'odham Nation, *et al.*,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>United States Army Corps of Engineers,<br>　　and<br>Peter Helmlinger<br>　　　　Defendants. | No. 4:19-cv-00205-TUC-JAS (C) |

Plaintiffs Tohono O'odham Nation, Pascua Yaqui Tribe, and Hopi Tribe (collectively, the Tribes) and Save the Scenic Santa Rita's, *et al.* (collectively, SSSR) hereby submit a proposed briefing schedule for the Joint Emergency Motion to Lift the Stay (ECF No. 104), Motions to file Supplemental Complaints (ECF Nos. 106, 111), and Motion for Temporary Restraining Order (ECF No. 108).[1]  The Tribes and SSSR conferred with the other parties in an effort to develop a briefing schedule for resolving these emergency motions, but were unfortunately unable to reach agreement.

The Tribes and SSSR respectfully propose a schedule to complete briefing by May 4, 2022.  Given the exigencies of the circumstances, the Tribes and SSSR believe that it is essential to brief the motions simultaneously to ensure the Court is in a position to rule on the Tribes' Motion for a Preliminary Injunction, as soon as practicable.  Despite the fact that the Rosemont Copper Company (Rosemont) continues ground-clearing activities, the Tribes and SSSR have provided opposing counsel with over ten days to respond to the pending motions.  A longer schedule—such as the multi-phased approach proposed by Defendants—would delay briefing on the Tribes' Motion for Preliminary Injunction by weeks, further prejudicing the Tribes and causing them irreparable harm. That approach would "not maintain the status quo, which is the whole purpose of a preliminary injunction[.]" *Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 479 F.3d 1148, 1151 (9th Cir. 2007).

The Tribes have not requested a hearing on their Motion for a Preliminary Injunction in the interests of expediting the process. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("[G]iven the haste that is often necessary . . . a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.").  Consistent with that approach, the Tribes provided written declarations and documentary evidence supporting their Motion for Preliminary Injunction.  *See* ECF Nos. 109-2 to 109-19.  The Corps even

---

[1] The Tribes will construe their Motion for a Temporary Restraining Order as a Motion for Preliminary Injunction, as directed by the Court.  ECF No. 115.

acknowledged at the status conference that the Tribes had already provided essentially all of the documents the Corps considered. Given the emergency nature of the proceedings, the Court has discretion to decide whether to rule promptly or set a hearing on the Tribes' Motion for Preliminary Injunction, as it indicated at the status conference. *See Kenneally v. Lungren*, 967 F.2d 329, 335 (9th Cir. 1992) ("We do not indulge a presumption in favor of evidentiary hearings."). If the Court does set a hearing, the Tribes and SSSR respectfully request that it be at the Court's earliest convenience.

Accordingly, the Tribes and SSSR propose the following schedule:

1. **April 29, 2022**: Federal Defendants and Defendant-Intervenors respond to all pending motions.
2. **May 4, 2022**: Tribes' replies in support of their pending motions, as well as SSSR's reply in support of its Motion to Supplement its Complaint.

Respectfully submitted, this 25th day of April, 2022,

/s/ Stuart C. Gillespie
Heidi McIntosh (CO Bar No. 48230)
Stuart C. Gillespie (CO Bar No. 42861)
Caitlin Miller (CO Bar No. 50600)
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
(303) 623-9466
hmcintosh@earthjustice.org
sgillespie@earthjustice.org
cmiller@earthjustice.org

*Attorneys for Plaintiffs Tohono O'odham Nation; Pascua Yaqui Tribe; and Hopi Tribe*

/s/ Roger Flynn (with permission)
Roger Flynn, (Colo. Bar # 21078)
Jeffrey C. Parsons (Colo. Bar. # 30210)
Western Mining Action Project
P.O. Box 349, 440 Main St., #2

Lyons, CO 80540
(303) 823-5738
wmap@igc.org

Allison N. Melton (CO Bar # 45088)
Center for Biological Diversity
P.O. Box 3024
Crested Butte, CO  81224
(970) 309-2008
amelton@biologicaldiversity.org

Marc D. Fink (MN Bar # 343407)
Center for Biological Diversity
209 East 7th Street
Duluth, MN 55805
(218) 464-0539
mfink@biologicaldiversity.org

*Attorneys for Plaintiffs SSSR et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2022, I electronically transmitted the foregoing **PLAINTIFFS' JOINT PROPOSED BRIEFING SCHEDULE** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

 /s/ *Stuart C. Gillespie*